## 26114. ROLLERY v. CITY OF ATLANTA.

DECIDED JULY 13, 1937.

H. A. Allen, for plaintiff in error.

J. C. Savage, C. S. Winn, Bond Almand, contra.

MACINTYRE, J. The defendant was tried in the recorder's court of the City of Atlanta, charged with "peddling without a license." She was convicted, and applied to the superior court for certiorari. The writ was ordered and was issued, but on the hearing the judge overruled the same; whereupon the case was brought to this court.

The city introduced the evidence of two of its officers, simply showing the arrest of the defendant. It also introduced subsection P of the 1935-1936 tax ordinance, reciting: "Peddlers, not otherwise provided for, $60." The other evidence introduced by the city was as follows: Mrs. Viola Levinsey testified: "This defendant came up on our porch, and she had three little pamphlets. I could not buy any, because I did not have the money to give her. She said they were three for a dime." On cross-examination the same witness testified: "I did not pay any attention to what she said when she came up on the porch, but she had three little booklets and was not really talking to me; she was talking to the other lady in the swing, a Mrs. Saul. I did not come to court on my own accord, and I was not here last Wednesday. I was subpœnaed to come to court last Tuesday, and I did not make any complaint to any one about this lady coming on my porch. This defendant did not say anything to me about buying anything." Mrs. R. E. Saul was the next witness who testified on direct examination as follows: "I do not know the defendant. I just saw her the other day. She was talking to Mrs. Levinsey, and

she began talking to me, and I asked her about the books. I saw the books before, and have never seen anything wrong with them. She showed me the books and gave them to me to hold, and I asked her how much they were. She did not tell me to buy anything. When I asked her about the books, she quoted some scriptures and said something about the Bible." The defendant in her statement said, in part: "I am consecrated to Jehovah, God, and worship God in spirit and in truth, and am an ordained minister of Jehovah, God, sent forth by his command to preach the gospel of God's kingdom under Christ Jesus, and am therefore one of Jehovah's witnesses. I worship Almighty God by obeying His commandments, to go from place to place and tell others of God and His kingdom. . . In obedience to God's command, Jehovah's witnesses preach the gospel and worship Almighty God by calling upon the people at their homes and exhibiting to them the message of said gospel in printed forms, such as the Bible, books, booklets, and magazines, and thus offer the people the opportunity of learning of God's gracious provisions for them."

The mere fact, as stated by the defendant, that she went from place to place and told others of God and His kingdom, and that she called on the people at their homes and exhibited to them the religious booklets and magazines or pamphlets, certainly does not make her guilty of peddling. This fact was coupled with the testimony of the two witnesses, one of whom testified: "This defendant came upon our porch, and she had three little pamphlets, I could not buy any, because I did not have the money to give her. She said they were three for a dime." On cross-examination this same witness testified: "This defendant did not say anything to me about buying anything." The other witness testified: "She showed me the books and gave them to me to hold, and I asked her how much they were. She did not tell me to buy anything. When I asked her about the books, she quoted some scriptures and said something about the Bible." The whole testimony and the defendant's statement do not show beyond a reasonable doubt that this defendant was guilty of peddling under the provisions of the ordinance, which did not undertake to enlarge the ordinary meaning of the word "peddler." "The mere fact that a person engaged in such vocation, in a single instance, offers for sale, or actually sells, an article which he carries with him as a sample,

will not make him a peddler." *Kimmel* v. *Americus,* 105 *Ga.* 694, 697 (31 S. E. 623). The judge erred in overruling the certiorari. *Judgment reversed. Broyles, C. J., and Guerry, J., concur.*