### 26948. SMITH *v.* CITY OF CEDARTOWN.

DECIDED NOVEMBER 22, 1938.

*Grover C. Powell,* for plaintiff in error.

*J. B. Edwards, C. C. Bunn,* contra.

MACINTYRE, J. The defendant was tried in the recorder's court of Cedartown for an alleged violation of the following ordinance: "Peddlers or itinerant traders of any kind, selling or vending any kind of goods, wares or merchandise, including persons selling and delivering merchandise of any character in connection with the sale thereof to retail merchants as well as to consumers, [shall

pay a license] per day each $10, each per year $100." The testimony for the city was to the effect that while the defendant was showing some books and pamphlets to Mrs. Woodward, the bookkeeper of the Tate Chevrolet Company, in the company's place of business in said city, a fellow employee of Mrs. Woodward named Mason opened a conversation with the defendant, which conversation was represented by Mason's testimony as follows: "I saw Hollis Smith [the defendant] yesterday afternoon in the Chevrolet Company office. He was on the inside. I walked in and saw him showing Mrs. Woodward some books. I said, 'What are you selling?' He said, 'Books on the Bible.' I said, 'I would not be interested,' and I did not take anything. He showed me some books and said 'Ten cents contribution on the little ones and $1 for the books.' This took place in the office. He offered them to Mr. Durham who is a Baptist minister." Mr. Westbrooks, another fellow employee of Mrs. Woodward, testified: "The defendant came in; I was busy at the time he came in. I was in and out and he said something about selling some of these books. He held out a card which I was not interested in. He had the books out showing them to Mrs. Woodward. I think they were one dollar. No one took any." Mr. Durham, another witness for the city, testified: "I saw Mr. Smith yesterday at the Tate Chevrolet Company where I work. He had these books and pamphlets. He presented his introduction to the bookkeeper. He was not delivering the books at this time that I know of. He was merely showing them. I understand he was taking orders." The Chief of Police, Woodward, testified: "I took the defendant under custody yesterday. He had with him this card and these books, all together in a case. I asked him if he was selling them, he said he was taking a contribution for delivering them. He said he was receiving a contribution for the books. His purpose was to distribute the books regardless of what he was getting. I asked him why he did not get a permit. He said that it would be an insult to Jehovah to ask for permission to do his work." The defendant, in his statement, said: "The work which I was engaged in was calling on the people with a message of the Kingdom. I do [so] for the purpose of giving testimony concerning the Lord's purpose. It is not a commercial work; the money is received as a contribution and used in the work and permits the publication of other books.

808

This is not a commercial or selling work at all. The Scriptures command that those who make a covenant to do His will are under an obligation to carry out their covenant." Mrs. Woodward, referred to above, did not testify.

■ It seems to us that, construing this testimony most favorably to the city, it shows that there was an offer to sell religious books and pamphlets only on one occasion and in one place, to wit: in the office of the Tate Chevrolet Company, and that the city did not show that the defendant was guilty of peddling within the meaning of the ordinance. We think this case is controlled by the case of *Rollery* v. *Atlanta*, 56 *Ga. App.* 175 (192 S. E. 470). The judge erred in overruling the certiorari.

■ The ruling made in headnote 2 needs no elaboration.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*